IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN MALDONADO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| UNIVAR USA INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Juan Maldonado (hereinafter "Plaintiff").  Plaintiff was an employee of Univar USA Inc. (hereinafter "Univar") in Lyons, Pennsylvania, who has been harmed by race and/or age-based discrimination and retaliatory practices, as well as other improper conduct by Univar.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. and pursuant to state law.

## II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States, and in particular Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §

1367, to consider Plaintiff's claim arising pursuant to state law.

3. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Berks County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled.

5. Plaintiff has invoked the procedure set forth in Title VII and the ADEA. On or about November 1, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Univar alleging, inter alia, race and age-based employment discrimination and retaliation. On January 20, 2017, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

## III.  PARTIES

7. Plaintiff is a 54-year-old Hispanic male citizen and resident of the Commonwealth of Pennsylvania, residing at 901 Milford Street, Easton, Pennsylvania. Plaintiff at all times relevant herein was employed by Univar.

8. At all times relevant herein, Plaintiff was a "person" and "employee" as defined by Title VII, 42 U.S.C. § 2000e, and the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Acts.

9. Univar is a corporation organized and doing business under the laws of Washington with offices at 17411 NE Union Hill Road, Redmond, Washington, and a Pennsylvania place of business at 1 Deka Road, Lyons, Pennsylvania.

10. At all times relevant herein, Univar was an "employer" and "person" as defined by

Title VII, 42 U.S.C. § 2000e, and the ADEA, 29 U.S.C. § 630, and is subject to the provisions of said Acts.

11. At all times relevant hereto, Univar acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

12. Univar has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of age and race-based harassment, age and race-based discrimination, and retaliation.

13. At all relevant times herein, Univar knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV.  CAUSES OF ACTION

14. Plaintiff is a 54-year-old Hispanic male employee hired by Univar in May of 2013 as a Branch Operations Supervisor.

15. Plaintiff was the oldest employee at the Lyons facility.

16. Plaintiff was the only Hispanic, non-Caucasian employee at the Lyons facility.

17. During Plaintiff's employment with Univar, Plaintiff was qualified for his position and performed his job duties in a proper and competent manner.

18. At all times relevant hereto, Plaintiff's supervisors were Mike Hansberry ("Hansberry"), District Operations Manager, and Ben Kistler ("Kistler"), Manager.

19. Hansberry and Kistler are Caucasian and younger than Plaintiff.

20. Hansberry and Kistler socialized on a regular basis, but excluded Plaintiff from their

social activities.

21. Beginning in April 2016, Univar, through Hansberry and Kistler, began to discriminate against Plaintiff and target him for termination due to his race or age.

22. In April 2016, Plaintiff was speaking with Hansberry and Kistler about hiring for the Lyons facility.  Hansberry said that they needed to hire in Hansberry's and Kistler's age group to develop a younger workforce.  Plaintiff's age then came up in the course of the conversation, and Hansberry said he was õshockedö to learn Plaintiff's age.

23. Throughout the summer months of 2016, Plaintiff repeatedly notified Univar that the Lyons facility was short-staffed and over-worked.

24. Plaintiff specifically raised concerns with Univar regarding safety issues related to the transport of sulfuric acid and loading and unloading of the sulfuric acid with fewer than two employees.

25. Kistler responded that Plaintiff should not complain, because he and Hansberry had terminated 30 employees õand never missed a beat.ö

26. Plaintiff, as Branch Operations Supervisor, would not permit employees to load or unload the sulfuric acid by themselves, which caused their shifts to get longer.  Plaintiff continued raising these concerns to Univar, but Univar took no action, and in fact, started requiring Plaintiff to drive a truck, which no other Univar supervisor at Plaintiff's level was required to do.

27. In September 2016, Univar manufactured a disciplinary action against Plaintiff for allegedly hitting a wall, but there was no evidence that any such incident actually occurred, and Plaintiff denied any such incident.

28. Plaintiff was suspended as a result of this alleged incident, and engaged in protected conduct by complaining to Univar's Human Resources Department in writing on or about September 13, 2016 that he was being harassed, and requesting that Human Resources open an investigation.

29. Univar took no action in response to Plaintiff's protected conduct, and rather diverted attention to its pre-textual reasons.

30. Instead, Univar, through Kistler, terminated Plaintiff's employment on or about September 28, 2016 in direct retaliation for his protected conduct, for the stated reason that Plaintiff permitted another employee to be exposed to an unsafe work condition.

31. When Plaintiff asked for additional information regarding the alleged exposure, which, upon good faith information and belief, was alleged to have occurred in 2015, so as to defend himself, Kistler advised that the "decision had already been made."

32. Univar's termination was manufactured and pretextual in order to conceal its race or age-based animus for discrimination and to retaliate against Plaintiff for objecting to and reporting race or age-based discrimination.

33. At the time Plaintiff was terminated by Univar, Plaintiff was the oldest employee at the Lyons facility.

34. At the time Plaintiff was terminated by Univar, Plaintiff was the only Hispanic, non-Caucasian employee at the Lyons facility.

35. Plaintiff was treated in a different and disparate manner with regard to discipline and workplace standards than younger and/or Caucasian employees.

36. Plaintiff was treated in a different and disparate manner because the word of younger

and/or Caucasian employees was credited over his.

37. Upon information and belief, Plaintiff's job duties were, in whole or in part, taken over or absorbed by a younger employee.

38. Plaintiff's race was a motivating factor in Univar's decision to terminate his employment.

39. Plaintiff's age was a determinative factor in Univar's decision to terminate his employment.

40. As a direct result of Univar's conduct, Plaintiff has been irrevocably damaged.

41. As a direct result of Univar's above-stated conduct, Plaintiff has suffered ongoing back-pay and front-pay losses.

42. As a direct result of Univar's above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

43. As a direct result of Univar's above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

### COUNT I
### PLAINTIFF v. UNIVAR
### VIOLATION OF TITLE VII

44. Paragraphs 1 through 43, inclusive, are incorporated by reference as if fully set forth at length herein.

45. Based on the foregoing, Univar has engaged in unlawful practices in violation of Title VII.  The said unlawful practices for which Univar is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment,

retaliating against him because of his expressed opposition to offensive race-related conduct in the work place, subjecting him to more onerous working conditions, and treating him in a disparate manner.

46. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Univar in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. UNIVAR
## RETALIATION UNDER TITLE VII

47. Paragraphs 1 through 46, inclusive, are incorporated by reference as if fully set forth at length herein.

48. By the acts complained of, Univar has retaliated against Plaintiff for exercising his rights under Title VII, which constitutes a violation of Title VII.

49. Univar's foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Univar's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. UNIVAR
## AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADEA

51. Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth at

length herein.

52. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in his employment with Univar and retaliated against for "protected conduct" under the ADEA.

53. The foregoing acts of Univar constitute unlawful discrimination against Plaintiff in violation of the ADEA.

54. The action of Univar is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

55. Plaintiff has no adequate remedy at law.

56. As a direct result of Univar's willful and unlawful actions in treating Plaintiff in a discriminatory and retaliatory manner solely because of his age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**PLAINTIFF v. UNIVAR**
**WRONGFUL DISCHARGE**

57. Paragraphs 1 through 56, inclusive, are incorporated by reference as if fully set forth at length herein.

58. Plaintiff believes that Defendant's accusations that he allegedly hit a wall and allowed another employee to be exposed to an unsafe work condition, which, upon good faith information and belief allegedly occurred in 2015, covered up retaliatory animus due to Plaintiff's complaining about and reporting workplace conditions affecting the health and safety of the employees.

59. Plaintiff reported to Univar throughout the summer months of 2016 that the Lyons facility was short-staffed and overworked.

60. Plaintiff specifically raised concerns about the transport of sulfuric acid and unsafe loading and unloading by fewer than two employees.

61. Plaintiff believes, and therefore avers, that Univar's actions in terminating him were in violation of the public policy of the Commonwealth of Pennsylvania.

62. Plaintiff believes, and therefore avers, that pursuant to the public policy of the Commonwealth of Pennsylvania, employers have an obligation to provide reasonable and adequate protection for the life, limb, health, safety, and morals of all persons employed therein.  See Pennsylvania General Safety Law, 43 P.S. § 25-1 *et seq.*; the Pennsylvania Worker and Community Right-to-Know Act, 35 P.S. §7301 *et seq.*, and the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§553, 651-678.

63. Plaintiff believes, and therefore avers, that Univar was angered by his complaints regarding safety issues, the extended shifts that resulted from his requiring at least two employees to load and unload the sulfuric acid, and the negative employee response thereto, and targeted Plaintiff in retaliation for Plaintiff's protected conduct.

64. As a result of Univar's willful and unlawful actions, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**STATEMENT OF FACTS JUSTIFYING
THE IMPOSITION OF PUNITIVE (TITLE VII)/LIQUIDATED (ADEA) DAMAGES**

65. Paragraphs 1 through 64 inclusive, are incorporated by reference as if fully set forth at length herein.

66. At all times relevant hereto, Univar knew or should have known of the pattern of conduct in which its agents, servants, and representatives had engaged and in which they continued to engage.

67. At all times relevant hereto, Univar knew or should have known that the aforesaid pattern of conduct was in violation of law and Univar's stated policies and terms of employment.

68. Despite such knowledge, Univar failed to adequately investigate, discipline, or discharge its agents, servants, and representatives who discriminated against Plaintiff by reason of his age or race.

69. Univar failed and refused to properly protect and support Plaintiff and in fact subjected or permitted him to be subjected to age or race-based discrimination and retaliation.

70. At all times relevant hereto, Univar acted willfully, wantonly, recklessly, maliciously, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated; by intentionally choosing to apply disciplinary standards for termination and conduct to Plaintiff, which it did not apply to younger and/or Caucasian employees; and/or intentionally deciding to terminate Plaintiff for the pretextual reason of allegedly permitting an employee to be exposed to an unsafe work condition that upon good faith information and belief allegedly occurred in 2015, Univar exhibited both willfulness and reckless disregard of Plaintiff's rights in the workplace.

71. Plaintiff therefore demands punitive damages under Title VII.

72. Plaintiff therefore demands liquidated damages under the ADEA.

## V.  **PRAYER FOR RELIEF**

73. Paragraphs 1 through 72 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Univar and requests that this Court:

(a)  Exercise jurisdiction over his claims;

(b)  Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, and severe emotional trauma under Title VII;

(c)  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

(d)  Order Univar compensate Plaintiff with a rate of pay and other benefits and emoluments to employment to which he would have been entitled had he not been subject to unlawful discrimination and/or retaliation;

(e)  Order Univar compensate Plaintiff with an award of front pay, if appropriate;

(f)  Order Univar compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(g)  Order Univar pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable under Title VII;

(h)  Order Univar pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(i)   The Court award such other relief as is deemed just and proper.

## VI.  JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:__/s/ George S. Kounoupis_____
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Dated:  April 19, 2017